IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CT-3293-FL

| | | |
|---|---|---|
| CORNELIUS LAMONT BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| QUASHON WASHINGTON, MARIA WASHINGTON, and ROBERT DAUGHERTY, | ) ) ) ) | |
| | ) | |
| Defendants.[1,2] | ) | |

This matter is before the court on defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE 18). Also before the court are plaintiff's motions for judgment on the pleadings (DE 26) and to compel (DE 28). The issues raised have been fully briefed, and in this posture are ripe for ruling. For the reasons that follow, the court grants defendants' motion to dismiss and denies plaintiff's motions for judgment on the pleadings and to compel.

## STATEMENT OF THE CASE

Plaintiff, a former state pretrial detainee proceeding pro se, filed this civil rights action on September 18, 2020, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants the following officers at Lenoir County Jail: 1) Quashon

---

[1] Plaintiff named "Robert Daughtry" as a defendant in this case. Defendants have responded that the correct spelling of this defendant's name is "Robert Daugherty." Accordingly, the court will order the clerk to amend "Robert Daughtry" to "Robert Daugherty" on the docket.

[2] Formerly-named defendant Kayla Foster was dismissed by court order on May 28, 2021.

Washington, an officer, 2) Maria Washington, a corporal, and 3) Robert Daugherty ("Daugherty"), a captain. Plaintiff sues defendants in both their individual and official capacities alleging that defendants violated his due process rights under the Fourteenth Amendment when he was disciplined without a hearing. As relief, plaintiff seeks monetary damages and disciplinary hearings for pretrial detainees.

On May 28, 2021, the court conducted its frivolity review of the complaint and allowed the matter to proceed as to plaintiff's individual claims against the instant defendants. Defendants filed the instant motion to dismiss on July 1, 2021, asserting plaintiff' has failed to state a claim on which relief can be granted, and defendants are entitled to qualified immunity. Plaintiff responded in opposition on July 15, 2021.

On November 19, 2021, plaintiff filed a motion for judgment on the pleadings to which defendants responded in opposition on December 9, 2021. On December 16, 2021, plaintiff filed a motion to compel defendants' response to the motion for judgment on the pleadings. On January 6, 2022, defendants responded in opposition.

## STATEMENT OF FACTS

Plaintiff's relevant factual allegations are reproduced below:

> On [December 22, 2019,] and [March 19, 2020, defendant] Quashon Washington [i]imposed disciplinary against [plaintiff. He] was confined to [his] cell 24 hours a day for 15 days each time, only let out [one] time every [three] days to take a shower, [and] phone privileges were taken [away.] [V]isitation and canteen [privileges were] also taken [away]. [Plaintiff] asked for a hearing[. He] was told no hearings are given for inmate disciplinary. On [March 16, 2020, defendant] Maria Washington imposed [a] disciplinary sanction on [plaintiff. He] was locked down for 14 days 24 hours a day, no visits, phone, or canteen. [He] asked for a hearing. . . . [Defendant Daugherty] told [him] in a grievance response . . . that this facility follows its own rules and no hearings are given for [d]isciplinary.

(Compl. (DE 1) at 5).

**COURT'S DISCUSSION**

A.     Motion for Judgement on the Pleadings and Motion to Compel Response

The court first turns to plaintiff's motion for judgment on the pleadings and motion to compel response. The record shows that defendants responded within the relevant deadline, and thus, plaintiff's motion to compel is denied.

A party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). Federal Rule of Civil Procedure 7(a) defines a "pleading" as: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." A motion to dismiss and memorandum in support thereof are not pleadings. See Fed. R. Civ. P. 7(a); see also Dalenko v. Stephens, 917 F. Supp. 2d 535, 541–42 (E.D.N.C. Jan. 8, 2013) ("The state judicial Defendants' Motion to Dismiss and memorandum in support thereof is not a "pleading" within the meaning of the Federal Rules of Civil Procedure."); Kalos v. Law Offices of Eugene A. Seidel, P.A., No. 1:09cv833(JCC), 2009 WL 3583606 at *5 (E.D. Va. Oct. 26, 2009) ("[N]either a motion to dismiss nor a memorandum in support thereof constitutes a pleading."). Under Rule 12(c), "'the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed.'" Mandujano v. City of Pharr, Texas, 786 F. App'x 434, 436 (5th Cir. 2019) (quoting 5C Charles Alan Wright et al., Federal Practice and Procedure § 1367 (3d ed. Apr. 2019 Update)); see also Burbach Broad. Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405 (4th Cir. 2002) (noting the pleadings were closed after defendant filed an answer to the complaint).

3

Here, the only pleading that has been filed is the complaint. (See Compl. (DE 1)). Defendants' motion to dismiss is not a pleading. Therefore, plaintiff's motion for judgment on the pleadings is premature and is denied.

B. Motion to Dismiss

    1. Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

    2. Analysis

The court now considers plaintiff's Fourteenth Amendment claims. Plaintiff alleges defendants violated his due process rights when he was not granted a disciplinary hearing before being punished by Lenoir County Jail officials. As noted above, defendants argue, in part, that plaintiff fails state a claim upon which relief may be granted.

Under the Fourteenth Amendment, "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Bell v. Wolfish, 441 U.S. 520, 536 (1979); see also Williamson, 912 F.3d at 173. An individual pretrial detainee may raise a substantive due process claim challenging his conditions of confinement

> where they are so disproportionate or arbitrary that they are not related to legitimate penological objectives and amount to punishment. [Williamson, 912 F.3d at 174-76]. To prevail on such a claim, a detainee must show that the challenged treatment or conditions were either (1) imposed with an express intent to punish, or (2) not reasonably related to a legitimate nonpunitive objective, in which case an intent to punish may be inferred. Id. at 178.

Tate v. Parks, 791 F. App'x 387, 390 (4th Cir. 2019).

A pretrial detainee may also pursue a procedural due process claim challenging individually-imposed restrictions. Williamson, 912 F.3d at 174 (citing Dilworth v. Adams, 841 F.3d 246, 250–52 (4th Cir. 2016)). Regulatory restraints, including administrative and disciplinary measures, may be constitutionally imposed to maintain security and order in detention facilities. Id. 174–75 (citing Bell, 441 U.S. at 540). "Accordingly, jail officials are entitled to discipline pretrial detainees for infractions committed in custody and to impose restrictions for administrative purposes." Id. at 175 (citing Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996)). However, such measures "implicate a pretrial detainee's liberty interest in remaining free from punishment" and "can trigger due process protections." Id. (citing Dilworth, 841 F.3d at 251–52).

> If the restriction imposed by jail officials is a disciplinary one – arising from a pretrial detainee's misconduct in custody – the detainee is entitled to notice of the alleged misconduct, a hearing, and a written explanation of the resulting decision. . . . If, however, a restriction imposed by the jail officials is for administrative purposes – which include managerial and security needs – the level of process to which the pretrial detainee is entitled is diminished. In those situations, the courts of appeals have generally concluded that some level of process must be afforded to the pretrial detainee, even if the process is provided after the restriction has been imposed.

5

Id. Moreover, disciplinary and administrative restrictions must be "rationally related to a legitimate governmental purpose, regardless of the procedural protections provided." Id. at 176 (citing Bell, 441 U.S. at 539)).

In the instant case, plaintiff alleges that on three occasions defendants Quashon Washington and Maria Washington "[i]mposed disciplinary against" him, and defendant Daugherty informed plaintiff that disciplinary hearings were not available. (Compl. (DE 1) at 5). Plaintiff lists the alleged restrictions imposed on him and provides that such restrictions constituted "punishment." (Id. at 5–6). However, beyond plaintiff's bare conclusion that the restrictions were "punishment," he fails to provide any factual details. See Iqbal, 556 U.S. at 678 (providing the pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "label and conclusions or a formulaic recitation of the elements of a cause of action will not do" (citations and quotation marks omitted)). For example, he fails to describe the behavior for which he alleges he was punished, statements made indicating punishment, or other circumstances from which it could be inferred he was being punished. Plaintiff has thus failed to articulate facts demonstrating plausibility of entitlement to relief. See id. ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."). Accordingly, plaintiff has failed to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing, the court DENIES plaintiff's motions for judgment on the pleadings (DE 27) and to compel (DE 28). Defendants' motion to dismiss (DE 18) is GRANTED.

The clerk is DIRECTED to close this case and to amend the docket as provided in footnote one.

SO ORDERED, this the 23rd day of March, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge